## Moody *versus* Snell *et al.*

1. A devise was to "my son, Lockwood and to his lawful heirs * * * but in case the said Lockwood should die without any lawful heirs, then the property to revert back and be equally divided among my children who may survive him, except the one equal third part of said property, which shall belong to his widow so long as she shall continue as such." *Held*, that Lockwood took an estate tail.

2. The surviving children to whom was the devise over, would be collateral heirs of the devisee; the testator therefore meant lineal descendants, by the words "lawful heirs."

3. Lockwood conveyed the land by deed under the Act of Assembly to bar entails; this cut off the devise over.

4. Covert *v.* Robinson, 10 Wright 274; Criswell's Appeal, 5 Wright 288, followed.

March 13th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Bradford county:* Of July Term 1874, No. 76.

This was an action of ejectment, brought November 4th 1871, by Mahlon O. Moody against Abram Snell and others, for a tract of 160 acres of land in Ulster township.

The land in question had belonged to Lockwood Smith, Sen. The question in the case arose under his will, dated February 14th 1827, proved January 12th 1832, and containing amongst other things, as follows:—

"First, I give unto my beloved wife, Rachel Smith, one-third of my estate, real and personal, so long as she shall remain my widow. I also do give and bequeath unto my beloved son, Lockwood Smith, Jr., and to his lawful heirs, one equal half part of my farm lying and being in the township of Ulster, and being the same which the said Lockwood Smith now lives on, together with the appertenances; but in case the said Lockwood should die without any lawful heirs, then the said property to revert back and be equally divided among my children, who shall or may survive him, except the one equal third part of said property, which shall belong to his widow so long as she shall continue as such. I also give and bequeath unto my beloved son, Platt Smith, the one equal half part of the farm on which I now live, situated as aforesaid, and to his lawful heirs, together with the appertenances, subject to the same conditions made respecting my son Lockwood; that is, should the said Platt die without any lawful heirs, then it shall revert back and be equally divided among my children who shall or may survive him, except the one equal third part of said property, which his widow shall inherit so long as she shall remain as such." * * *

These provisions were followed by a number of small pecuniary legacies, to be paid by his executors to his daughter respectively, in one year from his death; but there was no residuary clause.

[Moody *v.* Snell.]

On the 4th of November 1845, Lockwood Smith, the devisee, by deed of that date, for the purpose of barring the entail, duly acknowledged and recorded, &c., conveyed the premises to John C. Adams. Previously to bringing this suit, the title of Adams was vested in the defendants.

Lockwood Smith, the devisee, and his wife died in 1856, without children.

The surviving children of the testator conveyed their interest in the land to the plaintiffs in the suit, September 16th 1871.

The question was whether Lockwood Smith, the devisee, took an estate in fee with an executory devise over to the surviving children of the testator, or an estate tail which was barred by his deed to Adams.

The court, Morrow, P. J., charged that the estate of Lockwood Smith, Jr., in the land in controversy under his father's will, was an estate tail, which was barred by the deed from Lockwood Smith, Jr. to John C. Adams, dated November 4th 1845, and that under all the evidence in the case, the verdict of the jury must be for the defendants.

The verdict was for the defendants.

The plaintiffs took a writ of error, and assigned this instruction for error.

*Dewitt & Maynard,* for plaintiffs in error.—The testator contemplated a definite failure of heirs of the first taker; a failure within the life of the widow of his son Lockwood, Jr., and within the lives of the devisees over. This intention of the testator must prevail, if consistent with the rules of law: Hauer *v.* Shitz, 3 Yeates 237. If this was the intention of the testator, the devise over has no tendency to create a perpetuity: Yard's Appeal, 14 P. F. Smith 98; Rapp *v.* Rapp, 6 Barr 49; Eichelberger *v.* Barnetz, 17 S. & R. 293; Langley *v.* Heald, 7 W. & S. 96; Nebinger *v.* Upp, 13 S. & R. 65; Nicholson *v.* Bettle, 7 P. F. Smith 384; Porter *v.* Bradley, 3 Term R. 143; Eichelberger *v.* Barnitz, 9 Watts 447; Washburn on Real Prop., b. 2, § 21, p. 351.

The devisees over take as purchasers, and not as heirs, either of the first taker nor of the testator. The word "children" is a word of purchase: Guthrie's Appeal, 1 Wright 9; Chew's Appeal, Id. 23; Gernet *v.* Lynn, 7 Casey 94; Tyler *v.* Moore, 6 Wright 374.

*Smith & Montayne* and *H. W. Patrick,* for defendants in error.—The children of the testator were the brothers and sisters of Lockwood Smith, his lawful heirs, and the limitation to them, being the heirs of the first taker, created an estate tail in him: Yarnall's Appeal, 20 P. F. Smith 335; Pott's Appeal, 6 Casey 170; Price *v.* Taylor, 4 Id. 95; Dodson *v.* Ball, 10 P. F. Smith 493; Maurer *v.* Marshall, 4 Harris 377; Vaughan *v.* Dickes, 8

[*Moody v. Snell.*]

Id. 509; Braden *v.* Cannon, 12 Id. 168; Rancel *v.* Creswell, 6 Casey 158; McGunnigle *v.* McKee, 27 P. F. Smith 81.

.An executory devise over, when the first taker has a fee, may be bound by common recovery, or by conveyance for that purpose under our Act of Assembly : Taylor *v.* Taylor, 13 P. F. Smith 481 ; Preston on Abstracts of Title 401. An executory devise can be destroyed by common recovery suffered by the tenant in tail, which enlarges his estate into a fee, and excludes all subsequent limitations, whether by remainder or by the way of springing use or executory devise : 2 Preston on Estates 460 ; 1 Id. 401 ; 3 Id. 130 ; 4 Kent's Com. 13 ; Lewis on Perpetuities 663 ; Dormer *v.* Parkhurst, 18 Viner's Abridg. 413 ; 4 Bro. P. C. 353 ; Smith on Ex. Interests 116 ; Wild's Case, 6 Rep. 1606.

The main intent of the testator was to preserve the estate in the first taker and his lawful heirs—immediate descendants. This is the rule in Shelley's Case : Hays on Estates Tail, 7 Law Library 106 ; Doe *v.* Applin, 4 T. R. 82 ; Wynn *v.* Storey, 2 Wright 166 ; Haldeman *v.* Haldeman, 4 Id. 29 ; Criswell's Appeal, 5 Id. 288 ; Covert *v.* Robinson, 10 Id. 274 ; Ogden's Appeal, 20 P. F. Smith 509 ; Physick's Appeal, 14 Wright 128 ; Nice's Appeal, Id. 143 ; Smith on Executory Interest, sect. 475. Superadded words of limitation will not make "heirs of the body" words of purchase : Hawkins on Wills 184 ; 2 Jarman on Wills 337 ; Jesson *v.* Wright, 1 Bligh 1 ; Paxson *v.* Lefferts, 3 Rawle 59 ; George *v.* Morgan, 4 Harris 95 ; Karker's Appeal, 10 P. F. Smith 142 ; Clark *v.* Baker, 3 S. & R. 470 ; Gause *v.* Wiley, 4 S. & R. 509 ; Caskey *v.* Brewer, 17 S. & R. 441 ; Vaughan *v.* Dickes, 8 Harris 509 ; Covert *v.* Robinson, 10 Wright 274 ; 4 Kent's Com. 274. When the words are used to limit a fee given in the first instance, they are always words of limitation, and change the fee simple first given to a fee tail. The devise imports an indefinite failure of lawful issue, or lawful heirs, at the death of Lockwood Smith, Jr. : Matlack *v.* Roberts, 4 P. F. Smith 148 ; Braden *v.* Cannon, 12 Harris 165 ; Amelia Smith's Appeal, 11 Id. 9 ; Price *v.* Taylor, 4 Casey 95 ; Hauer *v.* Shitz, 2 Binney 532.

Judgment was entered in the Supreme Court, March 20th 1876,

PER CURIAM.—It is very clear that under the will of Lockwood Smith, his son, Lockwood Smith, Jr., would have taken an estate in fee simple, had it not been for the terms of the devise over. The principal devise was to him and to his *lawful heirs :* Criswell's Appeal, 5 Wright 288. The devise over was in these words : " But in case the said Lockwood should die without any lawful heirs, then the property to revert back and be equally divided among my children who shall survive him, except the one equal third part of said

[Moody *v.* Snell.]

property, which shall belong to his widow as long as she shall continue as such." Had the principal devise been for life instead of in fee, the terms of the devise over indicating a definite failure of issue, the estate of Lockwood Smith, Jr., would have come to an end at his death without issue. But the words "lawful heirs" clearly meant "lawful issue," as interpreted by the terms over, for the testator's children, the brothers and sisters of Lockwood, would have been his heirs on leaving no issue, and therefore the testator must have meant lineal descendants, and not collateral, when he used the words "lawful heirs." This being the case he gave to Lockwood, Jr., an estate tail, which could be barred by deed in the form prescribed by the act for barring entails. This being done, the devise over was cut off. This case falls directly within the decision in Covert *v.* Robinson, 10 Wright 274. And indeed is stronger, for in the will in that case there were no words of inheritance.

                                        Judgment affirmed.